UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL EDENBOROUGH, <br>     Plaintiff, <br>   v. <br> ADT, LLC, <br>     Defendant. | Case No. 16-cv-02233-JST <br><br> **ORDER RE PROTECTIVE ORDER** <br> Re: ECF No. 33 |

    Now before the Court is the parties' letter brief regarding the terms of the protective order that will govern discovery in this action. ECF No. 33. Defendant ADT wants to include a provision requiring any party wishing to share the opposing party's confidential or highly confidential information with an expert witness to give advance notice and an opportunity to object to the opposing party. Id. at 1. Plaintiff objects to this provision.

    The Court will order that the provision be included. It represents a sensible solution to the danger that one of Defendant's competitors might come into possession of Defendant's confidential information; it allows the Court to determine whether such disclosure should be allowed based on the facts specific to the expert witness and confidential information actually at issue; and it places little burden on the Plaintiff. In this regard, the Court notes that the provision does not apply to all expert witnesses, but only those who own, work for, or consult with a competitor of the designating party, or who are anticipated at the time of disclosure to become owners, employees, or consultants of a competitor of the designating party. In other words, the provision is limited to those experts about whom a designating party might have a legitimate concern. The adoption of such provisions is common in this district. Indeed, in one of the principal cases cited by Plaintiff, the court appears to have been following the same procedure suggested here by

1  Defendant.  Advanced Semiconductor Materials Am. Inc. v. Applied Materials Inc., No. 95-cv-
2  20169-RMW(EAI), 1996 WL 908654, at *3 (N.D. Cal. Oct. 28, 1996).

3        Plaintiff argues that the requested provision will "simply bog down discovery and create
4  the potential for a long series of expert vetoes." ECF No. 33 at 2.  Should that occur, Plaintiff can
5  ask the Court to reconsider the order it now makes.  The Court does not anticipate that any party
6  will abuse its rights under the protective order so as to delay, withhold, or frustrate discovery.
7  Similarly, if Plaintiff believes that discovery material has been incorrectly designated as
8  Confidential or Highly Confidential pursuant to the parties' protective order, Plaintiff may
9  challenge that designation in Court.

10       IT IS SO ORDERED.

11 Dated:  July 8, 2016

                                                               JON S. TIGAR
                                               United States District Judge