CHAVEZ & GERTLER LLP
Mark A. Chavez (SBN 90858)
Dan Gildor (SBN 223027)
42 Miller Avenue
Mill Valley, California 94941
Tel:    (415) 381-5599
Fax:    (415) 381-5572
mark@chavezgertler.com
dan@chavezgertler.com

Attorneys for Plaintiff Michael Edenborough and
the Proposed Class

SHOOK HARDY & BACON
Randall D. Haimovici (SBN: 213635)
Katherine A. Wolf (SBN: 267763)
One Montgomery St., Suite 2700
San Francisco, California 94104
Tel: 415.544.1900
Fax: 415.391.0281
rhaimovici@shb.com
kwolf@shb.com

BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
Mark L. Levine (pro hac vice)
Rebecca Weinstein-Bacon (pro hac vice)
Daniel R. McElroy (pro hac vice)
54 West Hubbard Street, Suite 300
Chicago, Illinois 60654
Tel: 312.494.4400
Fax: 312.494.4440
mark.levine@bartlit-beck.com
rweinstein.bacon@bartlit-beck.com
daniel.mcelroy@bartlit-beck.com

Attorneys for Defendant ADT LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL EDENBOROUGH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ADT, LLC d/b/a ADT SECURITY SERVICES, INC. a Florida limited liability company, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No: 4:16-CV-02233-JST<br><br>CLASS ACTION<br><br>**STIPULATED PROTECTIVE ORDER** |

1

## STIPULATED PROTECTIVE ORDER

2

**Proceedings and Information Governed.**

3      1.      This Order and any amendments or modifications hereto ("Protective Order") shall

4 govern any document, electronically stored information, or other thing furnished by any party, to

5 any other party, and includes non-parties who receive a subpoena in connection with this action.

6 The information protected includes, but is not limited to, answers to interrogatories, answers to

7 requests for admission, responses to requests for production of documents, deposition transcripts

8 and videotapes, deposition exhibits, and other writings or things produced, given or filed in this

9 action that are designated by a party as "Confidential Information" or "Highly Confidential

10 Information - Attorneys' Eyes Only" in accordance with the terms of this Order, as well as to any

11 copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded

12 information containing, reflecting, or disclosing such information.

13

**Designation and Maintenance of Information.**

14      2.      For purposes of this Protective Order, (a) the "Confidential Information"

15 designation shall mean that the document is comprised of trade secrets or commercial information

16 which is not publicly known and is of technical or commercial advantage to its possessor, or other

17 information required by law or agreement to be kept confidential; and (b) the "Highly

18 Confidential Information – Attorneys' Eyes Only" designation shall mean that the document is

19 comprised of information that the producing party deems especially sensitive, which may include,

20 but is not limited to, confidential research and development, financial, technical, marketing, or

21 any other sensitive trade secret information.  Confidential Information and Highly Confidential -

22 Attorneys' Eyes Only Information does not include, and this Protective Order shall not apply to,

23 information that is already in the knowledge or possession of the party to whom disclosure is

24 made unless that party is already bound by agreement not to disclose such information, or

25 information that has been disclosed to the public or third persons in a manner making such

26 information no longer confidential.

27

28

1

STIPULATED PROTECTIVE ORDER
CASE NO.  4:16-CV-02233-JST

352092 v1

3.     Documents and things produced during the course of this litigation within the scope of paragraph 2(a) above, may be designated by the producing party as containing Confidential Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL INFORMATION**

Documents and things produced during the course of this litigation within the scope of paragraph 2(b) above may be designated by the producing party as containing Highly Confidential - Attorneys' Eyes Only Information by placing on each page and each thing a legend substantially as follows:

**HIGHLY CONFIDENTIAL INFORMATION**
**ATTORNEYS' EYES ONLY**

A party may designate information disclosed at a deposition as Confidential Information or Highly Confidential - Attorneys' Eyes Only Information by requesting the reporter to so designate the transcript or any portion thereof at the time of the deposition.  If no such designation is made at the time of the deposition, any party shall have fourteen calendar days after the date of the deposition to designate, in writing to the other parties and to the court reporter, whether the transcript is to be designated as Confidential Information or Highly Confidential - Attorneys' Eyes Only Information.  If no such designation is made at the deposition or within such fourteen calendar day period (during which period, the transcript shall be treated as Highly Confidential - Attorneys' Eyes Only Information, unless the disclosing party consents to less confidential treatment of the information), the entire deposition will be considered devoid of Confidential Information or Highly Confidential - Attorneys' Eyes Only Information.  Each party and the court reporter shall attach a copy of any final and timely written designation notice to the transcript and each copy thereof in its possession, custody or control, and the portions designated in such notice shall thereafter be treated in accordance with this Protective Order.

It is the responsibility of counsel for each party to maintain materials containing Confidential Information or Highly Confidential - Attorneys' Eyes Only Information in a secure

2

1  manner and appropriately identified so as to allow access to such information only to such

2  persons and under such terms as is permitted under this Protective Order.

3  **Inadvertent Failure to Designate.**

4        4.     The inadvertent failure to designate or withhold any information as confidential or

5  privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or

6  to stop the producing party from designating such information as confidential at a later date in

7  writing and with particularity.  The information shall be treated by the receiving party as

8  confidential from the time the receiving party is notified in writing of the change in the

9  designation.  Any party that inadvertently produces Confidential Information or Highly

10  Confidential - Attorneys' Eyes Only Information without proper designation may request

11  destruction of that Confidential Information or Highly Confidential - Attorneys' Eyes Only

12  Information by notifying the recipient(s) and providing replacement material that is properly

13  designated. The recipient(s) shall then destroy all copies of the inadvertently produced

14  Confidential Information or Highly Confidential - Attorneys' Eyes Only Information and any

15  documents, information or material derived from or based thereon.

16  **Challenge to Designations**.

17        5.1     <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of

18  confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

19  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

20  burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

21  challenge a confidentiality designation by electing not to mount a challenge promptly after the

22  original designation is disclosed.

23        5.2     <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process

24  by providing written notice of each designation it is challenging and describing the basis for each

25  challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must

26  recite that the challenge to confidentiality is being made in accordance with this specific paragraph

27  of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must

28

3

1   begin the process by conferring directly (in voice to voice dialogue; other forms of communication

2   are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging

3   Party must explain the basis for its belief that the confidentiality designation was not proper and

4   must give the Designating Party an opportunity to review the designated material, to reconsider the

5   circumstances, and, if no change in designation is offered, to explain the basis for the chosen

6   designation. A Challenging Party may proceed to the next stage of the challenge process only if it

7   has engaged in this meet and confer process first or establishes that the Designating Party is

8   unwilling to participate in the meet and confer process in a timely manner.

9         5.3    <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court

10  intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil

11  Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the

12  initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process

13  will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a

14  competent declaration affirming that the movant has complied with the meet and confer

15  requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a

16  motion including the required declaration within 21 days (or 14 days, if applicable) shall

17  automatically waive the confidentiality designation for each challenged designation. In addition, the

18  Challenging Party may file a motion challenging a confidentiality designation at any time if there is

19  good cause for doing so, including a challenge to the designation of a deposition transcript or any

20  portions thereof. Any motion brought pursuant to this provision must be accompanied by a

21  competent declaration affirming that the movant has complied with the meet and confer

22  requirements imposed by the preceding paragraph.

23       The burden of persuasion in any such challenge proceeding shall be on the Designating

24  Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose

25  unnecessary expenses and burdens on other parties) may expose the Challenging Party to

26  sanctions. Unless the Designating Party has waived the confidentiality designation by failing to

27  file a motion to retain confidentiality as described above, all parties shall continue to afford the

28

4

material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**Access to and Use of Protected Material**

6.1    Basic Principles. A Receiving Party may use "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only Information" that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 14 below entitled Conclusion of Litigation.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

6.2    Disclosure of "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only Information" or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only Information"  only to:

(a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)  Experts or consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

5

1    (d)  the court and its personnel;

2    (e)  court reporters and their staff, professional jury or trial consultants, mock jurors, and

3    Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

4    signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

5    (f)  during their depositions, witnesses in the action to whom disclosure is reasonably

6    necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

7    unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed

8    deposition testimony or exhibits to depositions that reveal Protected Material must be separately

9    bound by the court reporter and may not be disclosed to anyone except as permitted under this

10   Stipulated Protective Order.

11   (g)  the author or recipient of a document containing the information or a custodian or

12   other person who otherwise possessed or knew the information.

13   7.    If a Party would like to give access to Confidential or Highly Confidential

14   Information to any person listed in Paragraphs 6.2(c) or 6.2(f) who owns, works for, or consults

15   with a competitor of the Designating Party, or who is anticipated at the time of disclosure to

16   become an owner, employee, or consultant of a competitor of the Designating Party, the Party

17   seeking to provide such access must give written notice to the Designating Party of its intention to

18   make such disclosure.  Such written notice must include the proposed recipient's name, address,

19   and curriculum vitae, as well as a list of the proposed recipient's ownership, employment, or

20   consulting relationships or anticipated relationships with competitors of the Designating Party.

21   Within ten (10) business days from the service of such written notice, the Designating party may

22   object to such disclosure by service of a written notice of objection on the Party seeking to make

23   the disclosure, stating the reasons for the objection. No disclosure of Confidential or Highly

24   Confidential Information to any such person may occur prior to the expiration of ten (10) business

25   days from the date of service of the written notice of intent to disclose unless consent is granted

26   earlier by the Designating Party. If the Designating Party gives notice of objection to disclosure,

27   the Party objecting to the disclosure may file a motion seeking to prohibit the disclosure, and that

28

352092 v1

STIPULATED PROTECTIVE ORDER
CASE NO.  4:16-CV-02233-JST

1  Party shall have the burden of justifying the objection.  The motion must be made within ten (10)

2  business days from the date that a notice of objection to disclosure is given. Failure to file the

3  motion constitutes consent to disclosure. The Party seeking to make the disclosure may not make

4  such disclosure while the motion is pending.

5         8.    Counsel shall be responsible for the adherence by third-party vendors to the terms

6  and conditions of this Protective Order.  Counsel may fulfill this obligation by obtaining a signed

7  Exhibit A.

8         9.    Confidential Information or Highly Confidential - Attorneys' Eyes Only

9  Information may be disclosed to a person not already allowed access to such information under

10  this Protective Order, if:

11       (a) the information was previously received or authored by the person or was authored or

12  received by a director, officer, employee or agent of the company for which the person is

13  testifying as a Rule 30(b)(6) designee;

14       (b) the designating party is the person or is a party for whom the person is a director,

15  officer, employee, consultant or agent; or

16       (c) counsel for the party designating the material agrees that the material may be disclosed

17  to the person.  In the event of disclosure under this paragraph, only the reporter, the person, his or

18  her counsel, the judge and persons to whom disclosure may be made, and who are bound by the

19  Protective Order, may be present during the disclosure or discussion of Confidential Information

20  or Highly Confidential - Attorneys' Eyes Only Information.  Disclosure of material pursuant to

21  this paragraph shall not constitute a waiver of the confidential status of the material so disclosed.

22        10.    This Order applies to pretrial discovery.  Nothing in this Order shall be deemed to

23  prevent the Parties from introducing any Confidential Information or Highly Confidential -

24  Attorneys' Eyes Only Information into evidence at the trial of this action, or from using any

25  information contained in material designated Confidential Information or Highly Confidential -

26  Attorneys' Eyes Only Information at the trial of this action, subject to any pretrial order issued by

27  this Court.

28

STIPULATED PROTECTIVE ORDER
CASE NO.  4:16-CV-02233-JST

**Non-Party Information.**

11.     The existence of this Protective Order shall be disclosed to any person producing documents, tangible things or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things or testimony confidential pursuant to this Protective Order.

**Filing Documents With the Court.**

12.     Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

**No Prejudice.**

13.     Producing or receiving confidential information, or otherwise complying with the terms of this Protective Order, shall not (a) operate as an admission by any party that any particular Confidential Information or Highly Confidential - Attorneys' Eyes Only Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the Court that particular materials be produced; (d) prejudice the rights of a party to apply to the Court for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any

STIPULATED PROTECTIVE ORDER
CASE NO.  4:16-CV-02233-JST

1   particular information or material.

2   **Conclusion of Litigation**.

3        14.   Within sixty calendar days after final judgment in this action, including the

4   exhaustion of all appeals, or within sixty calendar days after dismissal pursuant to a settlement

5   agreement, each party or other person subject to the terms of this Protective Order shall be under

6   an obligation to destroy or return to the producing party all materials and documents containing

7   Confidential Information or Highly Confidential - Attorneys' Eyes Only Information, and to

8   certify to the producing party such destruction or return. Outside counsel may retain one archival

9   copy of pleadings, correspondence, work product, discovery responses, expert reports and Court

10  exhibits containing Confidential Information or Highly Confidential - Attorneys' Eyes Only

11  Information provided, however, that any Confidential Information or Highly Confidential -

12  Attorneys' Eyes Only Information contained in such documents retained by Outside counsel shall

13  remain subject to the protections of this Order.  Outside counsel need not purge their email,

14  document management systems or back-up tapes, provided, however, that any Confidential

15  Information or Highly Confidential - Attorneys' Eyes Only Information contained in such

16  documents retained by outside counsel shall remain subject to the protections of this Order.

17  **Other Proceedings.**

18       15.   By entering this Order and limiting the disclosure of information in this case, the

19  Court does not intend to preclude another court from finding that information may be relevant and

20  subject to disclosure in another case.  Any person or parties subject to this Protective Order that

21  may be subject to a motion to disclose another party's information designated Confidential

22  pursuant to this Protective Order, shall promptly notify that party of the motion so that it may

23  have an opportunity to appear and be heard on whether that information should be disclosed.

24  **Remedies.**

25       16.   It is Ordered by the Court that this Protective Order will be enforced by the

26  sanctions set forth in Rule 37(b) of the Federal Rules of Civil Procedure and such other sanctions

27  as may be available to the Court, including the power to hold parties or other violators of this

28

9

STIPULATED PROTECTIVE ORDER
CASE NO.  4:16-CV-02233-JST

Protective Order in contempt.  All other remedies available to any person(s) injured by a violation of this Protective Order are fully reserved.

17.     Any party may petition the Court for good cause shown in the event such party desires relief from a term or condition of this Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  July 12, 2016                                    Respectfully submitted,

                                                         CHAVEZ & GERTLER LLP

                                                         By:___/s/ Dan Gildor_____
                                                             Dan Gildor
                                                             Mark A. Chavez

                                                             Plaintiff Michael Edenborough and
                                                             the Proposed Class

Dated:  July 12, 2016                                    Respectfully submitted,

                                                         SHOOK HARDY & BACON L.L.P.

                                                         By:___/s/ Katherine A. Wolf_____
                                                             Katherine A. Wolf
                                                             Randall D. Haimovici

                                                             Attorneys for Defendant
                                                             ADT LLC.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: July 14, 2016                         _____
                                             UNITED STATES DIST...

IT IS SO ORDERED

Judge Jon S. Tigar

10

STIPULATED PROTECTIVE ORDER
CASE NO.  4:16-CV-02233-JST

352092 v1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court for

the Northern District of California on [date] in the case of *Edenborough v. ADT, LLC*, Case No. 16-

2233 JST. I agree to comply with and to be bound by all the terms of this Stipulated Protective

Order and I understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Stipulated Protective Order to any person or entity except

in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number]

as my California agent for service of process in connection with this action or any proceedings

related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____

11

STIPULATED PROTECTIVE ORDER
CASE NO.  4:16-CV-02233-JST

352092 v1