UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL EDENBOROUGH, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ADT, LLC, et al., <br><br> Defendants. | Case No. 16-cv-02233-JST <br><br> **ORDER REGARDING SUPPLEMENTAL BRIEFING** <br><br> Re: ECF No. 143 |

On January 23, 2018, the Ninth Circuit decided In re Hyundai & Kia Fuel Econ. Litig., No. 15-56014, 2018 WL 505343, at *3 (9th Cir. Jan. 23, 2018). Shortly thereafter, Plaintiffs submitted supplemental briefing regarding the applicability of that case to their proposed class action settlement in this case. ECF No. 143. Plaintiffs argue that the Court need not apply Hyundai to the proposed settlement, because it settles nationwide claims under only one state's law, Florida. Id. at 3. Plaintiffs add that Florida's Unfair and Deceptive Trade Practices Act ("FUDTPA") applies extraterritorially to cover non-Florida residents. Id. Finally, Plaintiffs attempt to distinguish Hyundai because the present case is not one "in which the parties are attempting to settle disparate state law claims on a nationwide basis by throwing them together without consideration of their differences." Id. at 5.

The Court is not convinced that Hyundai does not apply. Hyundai holds that in assessing a nationwide class action settlement, district courts must consider whether variations in state law destroy predominance because class members who reside in various states might be subject to different substantive laws or have different remedies available. 2018 WL 505343, at *3. Hyundai is concerned less with variations between the state law claims which plaintiffs actually brought, and more with variations between the state law claims which were brought and those which could

have been brought by class members in other states. In fact, this case closely resembles Hyundai in that both involve efforts to assert a nationwide class under a single state's law: in Hyundai, California law, in this case, Florida law. Hyundai, 2018 WL 505343, at *12; see also Mazza v. Am. Honda Motor Co., 666 F.3d 581, 589-90 (9th Cir. 2012) (same, at certification stage). Moreover, just as Plaintiffs here argue that FUDTPA applies nationally, so do some other cases suggest the California consumer protection laws at issue in Hyundai apply to non-California residents. See, e.g., Parkinson v. Hyundai Motor Am., 258 F.R.D. 580, 598 (C.D. Cal. 2008). In other words, regardless of the fact that FUDTPA may apply to injuries by non-Florida residents, Hyundai appears to require a choice of law inquiry to determine whether predominance is destroyed by variations in state law, as non-Florida residents might have other state claims which differ materially.

Accordingly further briefing is due (1) to explain, if possible, why Hyundai does not apply, if there are additional reasons not discussed in Plaintiff's supplemental brief at ECF No. 130, and (2) to conduct the step-by-step choice of law analysis Hyundai envisions. The Court also notes that unlike in Hyundai and Mazza, here California is the forum state, but Plaintiffs seek to apply Florida law. Moreover, unlike in Hyundai, here Plaintiffs are the foreign law proponents. Briefing should address these distinctions. Plaintiffs are ordered to file a brief of not more than 15 pages, addressing the above topics 21 days from the issuance of this order. Defendants may file a brief on the same day, but are not required to do so.

**IT IS SO ORDERED.**

Dated: February 5, 2018

JON S. TIGAR
United States District Judge