Matthew J. Vanis (SBN: 210706)
mvanis@shb.com
SHOOK HARDY & BACON
One Montgomery St., Suite 2700
San Francisco, California 94104
Tel: (415) 544-1900
Fax: (415) 391-0281

C. Sanders McNew (*pro hac vice*)
mcnew@mcnew.net
McNEW P.A.
2385 NW Executive Center Drive, Suite 100
Boca Raton, Florida 33431
Tel: (561) 299-0257
Fax: (561) 299-3705

Mark L. Levine (*pro hac vice*)
mark.levine@bartlit-beck.com
Mark S. Ouweleen (*pro hac vice*)
mark.ouweleen@bartlit-beck.com
Matthew W. Brewer (*pro hac* vice)
matthew.brewer@bartlit-beck.com
Daniel R. McElroy (*pro hac vice*)
daniel.mcelroy@bartlit-beck.com
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, Illinois 60654
Tel: (312) 494-4400
Fax: (312) 494-4440

*Attorneys for Defendant ADT LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MICHAEL EDENBOROUGH, | Case No: 3:16-cv-02233-JST |
| Plaintiff, | **CLASS ACTION** |
| vs. | **DEFENDANT ADT'S BRIEF RE ORDER REGARDING SUPPLEMENTAL BRIEFING [DE 152]** |
| ADT, LLC, d/b/a ADT SECURITY SERVICES, INC. a Florida limited liability company, | |
| Defendant. | |

ADT'S BRIEF RE ORDER REGARDING SUPPLEMENTAL BRIEFING [DE 152]
Case No. 3:16-cv-02233-JST

On February 5, 2018, this Court directed plaintiffs to provide additional briefing to address why *In re Hyundai and Kia Fuel Economy Litigation*, 881 F.3d 679 (9th Cir. 2018) does not apply and to conduct the choice of law analysis that *Hyundai* envisions. This Court also invited defendants to file a brief, which they now do both i) to explain that *Hyundai* is at odds with the law in other federal courts, notably the Third Circuit, and ii) to ask this Court to defer its ruling in this matter until the Ninth Circuit has concluded its proceedings in *Hyundai*.

## I. DIFFERENCES BETWEEN APPLICABLE STATE LAW NEED NOT BE CONSIDERED IN THE PRESENT CONTEXT

In *Sullivan v. DB Investments, Inc*, the Third Circuit explained that the certification of a nationwide settlement class involves a "diminished concern regarding variations in state law" as compared to a litigation class. 667 F.3d 273, 302 (3d Cir. 2011). The Third Circuit's "consideration of varying laws in the context of predominance has primarily focused on manageability of a litigation class." *Id*. at 303. Because issues related to the manageability of a class action trial need not be considered to certify a settlement class, the *Sullivan* court reasoned that the "predominance analysis for certification of a settlement class" is different than "that required for certification of a litigation class." *Id*. While the Third Circuit remained "cognizant of [its] responsibility to protect absentees by blocking unwarranted or overbroad class definitions," it deemed "state law variations [to be] largely irrelevant to certification of a settlement class." *Id*. at 304 (internal citations and quotation marks omitted). ADT believes that, in line with *Sullivan*, this Court should be able to certify a settlement class without assessing differences between applicable state law, absent a colorable objection to the settlement related to such differences.

To the extent that *Hyundai* is at odds with this view of the law, it appears to have created or continued a circuit split. Because this Court is bound by *Hyundai* unless and until it is modified or reversed, ADT raises this argument strictly for the purpose of preservation.

## II. THIS COURT SHOULD DEFER ITS RULING ON PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT

As this Court noted at the February 1, 2018 Fairness Hearing in this case, some commentators "regard[] *Hyundai* as a massive change." 2/1/18 Tr. 50:13 – 51:2 (attached as Ex. A). But the January 2018 *Hyundai* decision is not necessarily the Ninth Circuit's last word on the matter. Counsel in *Hyundai* plan to file a petition for *en banc* review of the *Hyundai* decision. *See* Order Extending Deadline to File Petition for Rehearing *En Banc* (attached as Ex. B). In fact, it appears that at least one amicus curie brief will be filed in support of that petition. *See* Petition for Rehearing *En Banc* (attached as Ex. C). The Petition is due on March 8, 2018. Ex. B.

Due to the potential for *Hyundai* to represent, in the words of this Court, a "sea change," ADT requests that the Court defer its ruling on Plaintiffs' Motion for Final Approval of the proposed nationwide settlement. Ex. A at 50:22 – 51:2. Such a potentially impactful case has a reasonable chance of meriting *en banc* review by the Ninth Circuit. Should the Ninth Circuit engage in such review, it is likely to provide, at the very least, clarity regarding the metes and bounds of the *Hyundai* decision, which would aid in this Court's review of the proposed *Edenborough* settlement. Deferring a ruling would also serve the interests of efficiency and judicial economy, as an *en banc* decision could reverse whatever changes the current *Hyundai* decision instituted, which would in turn necessitate an additional review of the proposed *Edenborough* settlement by this Court. Thus, deferring a decision until the Ninth Circuit either rejects the *Hyundai en banc* petition or rehears *Hyundai* would provide this Court with the maximum amount of clarity regarding Ninth Circuit case law while also avoiding superfluous analysis for this Court.

| | | |
|---|---|---|
| 1 | | |
| 2 | February 26, 2018 | Respectfully submitted, |
| 3 | | |
| 4 | | By: */s/ Matthew J. Vanis* |
| 5 | | Matthew J. Vanis |
| | | SHOOK, HARDY & BACON, L.L.P. |
| 6 | | One Montgomery, Suite 2700 |
| | | San Francisco, CA 94104 |
| 7 | | Telephone: (415) 544-1900 |
| | | Fax: (415) 391-0281 |
| 8 | | |
| 9 | | C. Sanders McNew |
| | | McNEW P.A. |
| 10 | | 2385 NW Executive Center Drive, Suite 100 |
| | | Boca Raton, Florida 33431 |
| 11 | | Tel: (561) 299-0257 |
| | | Fax: (561) 299-3705 |
| 12 | | |
| | | Mark L. Levine |
| 13 | | Mark S. Ouweleen |
| | | Matthew W. Brewer |
| 14 | | Daniel R. McElroy |
| | | BARTLIT BECK HERMAN PALENCHAR & |
| 15 | | SCOTT LLP |
| | | 54 West Hubbard Street, Suite 300 |
| 16 | | Chicago, Illinois 60654 |
| | | Tel: (312) 494-4400 |
| 17 | | Fax: (312) 494-4440 |
| 18 | | *Attorneys for the Defendant ADT LLC* |