# EXHIBIT A

```
                                              Pages 1 - 54

             UNITED STATES DISTRICT COURT

           NORTHERN DISTRICT OF CALIFORNIA

        BEFORE THE HONORABLE JON S. TIGAR, JUDGE

MICHAEL EDENBOROUGH, et al.,     )
                                 )
           Plaintiffs,           )
                                 )
  VS.                            ) NO. C 16-02233 JST
                                 )
ADT, LLC,                        )
                                 ) San Francisco, California
           Defendant.            )
_____)

                                  Thursday, February 1, 2018
```

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

For Plaintiffs:
          ZIMMERMAN LAW OFFICES, P.C.
          77 West Washington Street
          Suite 1220
          Chicago, Illinois  60602
    **BY:  THOMAS A. ZIMMERMAN, JR., ESQ.**

          CHAVEZ & GERTLER LLP
          42 Miller Avenue
          Mill Valley, California  93941
    **BY:  MARK A. CHAVEZ, ESQ.**

          BONNETT FAIRBOURN
             FRIEDMAN & BALINT, P.C.
          2325 East Camelback Road
          Suite 3000
          Phoenix, Arizona  85016
    **BY:  FRANCIS J. BALINT, JR., ESQ.**

Reported By:  **BELLE BALL, CSR 8785, CRR, RDR**
            Official Reporter, U.S. District Court

(Appearances continued, next page)

```
APPEARANCES, CONTINUED:

For Defendant:
                    BARTLIT BECK HERMAN PALENCHAR & SCOTT
                    54 West Hubbard Street
                    Suite 300
                    Chicago, Illinois  60610
               BY:  MARK L. LEVINE, ESQ.
                    DANIEL R. MCELROY, ESQ.




For Objectors Edward and Darlene Orr:
                    BLAXTER | BLACKMAN LLP
                    475 Sansome Street
                    Suite 1850
                    San Francisco, California  94111
               BY:  STEVEN H. WINICK, ESQ.

(Objector Edward Orr appearing telephonically)
```

1 expressed doubts about the ability to certify a litigation class
2 because of all the different multi-state law that has to apply.
3 So in that situation, I think that the analysis -- that it
4 made sense to say even in a settlement context, you have to
5 consider whether there's a genuine choice-of-law issue
6 presented.
7 **THE COURT:** Now when you say in that context, you mean when
8 somebody brings it to the Court's attention at one of these
9 procedure stages you have identified?
10 **MR. BALINT:** I'm sorry, Your Honor; I didn't catch all that.
11 **THE COURT:** You said in that context --
12 **MR. BALINT:** In that context, correct.
13 **THE COURT:** And my question is when you say "in that
14 context," do you mean when somebody raises the issue in
15 certification briefing?
16 **MR. BALINT:** Yes, I think that.
17 **THE COURT:** You do not think that *Hyundai* imposes any
18 independent obligation on a District Court to answer these
19 questions unless somebody raises it, either by way of objection
20 or during class certification briefing?
21 **MR. BALINT:** I think --
22 **THE COURT:** Because I will say I am also a reader of the
23 class action periodicals, and I'm quite aware of the extent to
24 which the bar regards *Hyundai* as a massive change.
25 And my question for you is: If it was -- the obligation was

1  as limited as you are saying, why would it be such a sea change?
2  Because you and I both know it doesn't come up that much.
3      **MR. BALINT:**  Oh, no.  What I'm saying is the obligation is
4  to assess whether or not there's a potential conflict of law
5  that requires a choice-of-law analysis.
6      **THE COURT:**  Yes.
7      **MR. BALINT:**  So for example, Your Honor, if you had one
8  state law apply nationwide -- that's what's here --
9      **THE COURT:**  Yes.
10     **MR. BALINT:**  -- basically, right?  Then, do you have an
11 obligation then to conduct a choice-of-law determination,
12 analysis in that context?  Or do you simply determine whether
13 it's permissible to apply that one state's law to the class as a
14 whole?  And I think that can be done consistently with *Hyundai*.
15 That's what we tried to point out in our brief.
16     Here, you know, we consistently, consistently asserted our
17 claims, our nationwide claims based on the Florida statute.
18 That is the only nationwide class that we sought to certify.
19 And that's what we had moved to certify in *Baker* when the
20 parties went into mediation.
21     So at that point, ADT is facing the prospect of a nationwide
22 class asserting these claims under the Florida statute.  And
23 that's the claims they settled.  They reached on a settlement of
24 those nationwide claims, and other claims that are -- could be
25 asserted, whether they were asserted or not, based on the same