STEVEN H. WINICK (SBN 160815)
shwinick@blaxterlaw.com
BRIAN R. BLACKMAN (SBN 196996)
bblackman@blaxterlaw.com
BLAXTER | BLACKMAN LLP
475 Sansome Street, Suite 1850
San Francisco, California 94111
Telephone: (415) 500-7700

Attorneys for Objectors
EDWARD W. ORR and DARLENE D. ORR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL EDENBOROUGH and PATRICIA WILSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ADT, LLC d/b/a ADT SECURITY SERVICES, INC. a Florida limited liability company, and ADT CORPORATION,<br><br>Defendants. | Case No. 16-cv-02233-JST<br><br>**THIRD PARTY OBJECTORS' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL BRIEF**<br><br>District Judge Jon S. Tigar |

1  On February 1, 2018, the Court held a hearing on whether to grant final approval of the
2 proposed class action settlement in this action.  Edward Orr and Darlene Orr objected to the
3 settlement on various grounds.  With respect to the objections, the Court indicated that no further
4 briefing was required unless the Court determined otherwise after the hearing.  The Court did ask
5 the parties to provide supplemental briefing on the impact of *In re Hyundai & Kia Fule Econ.*
6 *Litig.,* 881 F.3d 679 (9th Cir. 2018), an issue that was unrelated to the Orrs' objections.

7  Counsel for the Orrs just discovered that plaintiffs supplemental briefing contained a false
8 and mistaken attack on the Orrs' objection at footnote 1 (ECF No. 154, p. 2 at n. 1), and the Orrs
9 respectfully ask the Court to consider this brief response.

10  Plaintiffs state the Settlement Agreement does not encompass the claims that are relevant
11 to the objectors or other physically disabled ADT customers.  (Id.)  This is flat out wrong.  The
12 main point of the Orrs' objection was that the class settlement does not distinguish handicapped
13 members of the class, whose remedies resulting from ADT's false statements are much greater
14 than non-handicapped members.  The proposed release in the Settlement Agreement extends to all
15 claims held by the members of the settlement class – including the Orrs and other similarly
16 situated person – "predicated upon the facts alleged in the Actions."  (ECF No. 94-1, p. 8, Section
17 IV.A.)  There is no carve-out for disabled persons in the Actions.

18  The Actions include five different class actions, all of which are similar.  One of the
19 encompassed complaints is the Baker Action.  (ECF No. 94-1, p. 2, Section I.A.)  The Baker
20 Action asserts three claims against ADT based on false representations made to "[a]ll persons who
21 entered into an ADT Alarm Services Contract and purchased ADT wireless security equipment."
22 There is no exclusion for persons who are handicapped or disabled.  (Exh. A hereto at p. 10.)  The
23 Edenborough Action alleges that ADT made false representations in connection with the sale of
24 wireless home security equipment and monitoring services, and the complaint seeks remedies
25 including actual damages and ADT's unjust enrichment resulting from sales to class members,
26 including any and all unjust profits from the Orrs and other disabled class members.  (Exh. A at p.
27 18.)

28

-1-   Case No. 16-cv-02233-JST
THIRD PARTY OBJECTORS' RESPONSE
TO PLAINTIFFS' SUPPLEMENTAL BRIEF

1 DATED: March 14, 2018                    BLAXTER | BLACKMAN LLP

                                           By: _____*/s/ Steven H. Winick*_____
                                                  STEVEN H. WINICK
                                                  Attorneys for Objectors
                                              EDWARD W. ORR and DARLENE D. ORR