UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL EDENBOROUGH, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ADT, LLC, et al., <br><br> Defendants. | Case No. 16-cv-02233-JST <br><br> **ORDER STAYING FURTHER CONSIDERATION OF CLASS ACTION SETTLEMENT AND OVERRULING OBJECTION TO CLASS ACTION SETTLEMENT** <br><br> Re: ECF Nos. 132, 154, 155 |

The Court has reviewed the parties' briefs regarding the applicability of *In re Hyundai & Kia Fuel Econ. Litig.*, 881 F.3d 679 (9th Cir. 2018) to this case. ECF Nos. 154, 155. Because both parties here have asked the Court to defer further consideration of the settlement pending potential *en banc* proceedings in the Ninth Circuit, ECF No. 154 at 20; ECF No. 155 at 3, and because both parties in *Hyundai* recently petitioned the Ninth Circuit for *en banc* review, *see Hyundai*, No. 15-56014, ECF Nos. 102, 103, the Court will defer ruling on the motion for final approval until the *Hyundai* petition for review is resolved and any subsequent Ninth Circuit proceedings are completed. This case is accordingly stayed.

This order also resolves an objection to the class action settlement received from Darlene and Edward Orr, which the Orrs presented both in writing and at the final fairness hearing. ECF Nos. 132, 141, 153. The Orrs make two primary arguments: (1) that ADT made separate false representations to, and unfairly targeted, disabled customers and potential customers, ECF No. 153 at 8, and (2) that ADT charges disabled persons more for its services, *id.* at 11. In a supplemental brief, the Orr objectors explained that the "main point" of the objection was the latter – "that the class settlement does not distinguish handicapped members of the class, whose [damages] resulting from ADT's false statements are much greater than [those of] non-

handicapped members." ECF No. 156 at 2.  ADT responds that it does not charge persons with disabilities higher prices for the same services, but rather that the Orrs purchased a more expensive system.  ADT also contends that the issue presented by this case – the alleged vulnerability to hacking of the alarm system's wireless connection – is the same across all systems, regardless of whether the systems are owned by disabled or nondisabled customers.  ECF No. 153 at 26-27.  The Court must now determine whether the Orr objectors have met their burden of showing that the settlement is unreasonable, inadequate, or unfair.  In re Google Referrer Header Privacy Litig., 87 F. Supp. 3d 1122, 1137 (N.D. Cal. 2015), aff'd, 869 F.3d 737 (9th Cir. 2017).

      As to the Orrs' first objection, the Court concludes that the settlement does not release potential claims based on the unfair targeting of, or special misrepresentations to, disabled persons.  The operative complaint's claims, fairly read, all relate to the vulnerability of wireless sensors to hacking, and not to any particular representations made to disabled potential customers.  ECF No. 115 ¶¶ 53-91.  Moreover, ADT acknowledged on the record that the settlement does not release claims on the basis of ADT making different representations to disabled customers.  ECF No. 153 at 33.

      As to the Orrs' second, "main" objection, the Court concludes that the claimed difference between the rates paid by disabled and non-disabled customers does not destroy the fairness, adequacy, or reasonableness of the settlement because the evidence before the Court is insufficient to conclude that there was such a difference.  In re Google Referrer Header Privacy Litig., 87 F. Supp. 3d at 1137.  Even the Orrs concede that any rate difference between disabled and non-disabled customers is not "crystal clear."  ECF No. 153 at 45.  In fact, based on a review of the Orrs' contract, ECF No. 149, it appears that any higher price they paid was due to the greater services they elected, and not any rate differential based on their disabled status.  ECF No. 153 at 26-27.  Accordingly, the Orrs' objection to the settlement is overruled.

**IT IS SO ORDERED.**

Dated: March 29, 2018

                                            JON S. TIGAR
                                       United States District Judge